BARBARA A. MATTHEWS (SBN 195084)
Assistant U.S. Trustee
MATTHEW R. KRETZER (SBN 157949)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
1301 Clay Street, Suite 690N
Oakland, California 94612-5231
Telephone:     (510) 637-3200
e-mail:        matt.r.kretzer@usdoj.gov

Attorneys for Acting United States Trustee,
Region 17, AUGUST B. LANDIS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In re:

Miguel Angel Arrescurrenaga

Debtor.

Case No. 09-46949 N

Chapter 13

Date: November 10, 2010
Time: 9:30 a.m.
Room: 215

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR REVIEW OF ATTORNEY'S FEES**

August B. Landis, the Acting United States Trustee for Region 17, (U.S. Trustee) requests this Court to review the fees charged, collected and disclosed by the Debtor's attorney in this case for the following reasons.

**Statement of Issues**

1.   Were the fees related to this case properly disclosed?

2.   Were the fees related to this case reasonable.

3.   Should the attorney disgorge the fees she has collected and not disclosed?

**Facts**

The Debtor approached Deborah J. Pimentel to help him save his house. On March 19, 2009, the Debtor and Ms. Pimentel entered into an attorney-client fee agreement (which is attached as an exhibit to the Declaration of Matthew R. Kretzer (*Kretzer Declaration*) filed with

Arrescurrenaga; 09-46949N; Memo of P&A for Mtn. To Review Fees                                              1

this memorandum. That agreement leaves blank the section explaining the services to be provided.

On signing the contract, on March 19, 2009, the Debtor gave Ms. Pimentel a check for $1,550. That check was returned for insufficient funds. On April 14, 2009 and May 28, 2009, the Debtor made two payments to Ms. Pimentel of $1,500 each. Ms. Pimentel prepared a skeleton petition under chapter 13 for the Debtor, which she signed on July 30, 2009 and the Debtor signed and filed the next day.

On August 24, 2009 the Court, on the Chapter 13 Trustee's motion, dismissed the case because the Debtor failed to complete his schedules. Among the things he failed to do was file a certificate of compliance with the credit counseling requirement.

The Certificate of Counseling was filed on September 2 and certifies that the Debtor did not complete the counseling until August 19, 2009.

On September 8, 2009, Ms. Pimentel filed a motion for reconsideration of the dismissal order with a request for additional time to complete the filing. She based the request on her confusion over the filing dates and her not receiving the Court's order that the missing documents be filed. (She was included in the BNC certificate of service of that order.) On October 1, 2009, the Court granted the motion for reconsideration and ordered the missing documents to be filed by September 30, 2009. On October 5, 2009, Ms. Pimentel filed a request for more time because she had lost contact with the Debtor. On October 8, 2009, Ms. Pimentel received another $1,500 from the Debtor. The Court extended the filing deadline to November 5.

On November 10, 2009, the Court again dismissed the case for failure to file the required documents. On January 3, 2010, Ms. Pimentel filed a motion for reconsideration of the second dismissal. This motion was justified largely by the serious illness of Ms. Pimentel's father and the Court granted it on January 11, 2010, extending the deadline for completing the filings to January 18, 2010.

Arrescurrenaga; 09-46949N; Memo of P&A for Mtn. To Review Fees 2

Schedules A, E and F were filed on January 26, 2010. On March 10, 2010, the Chapter 13 Trustee again requested dismissal because the schedules were not complete: there was no certification of consumer credit counseling, no plan, and no form 22C. In that request, the trustee stated that the Debtor or the attorney should request a hearing by March 31, to avoid dismissal. On April 1, 2010 the Debtor filed the plan and form 22C. On April 5, Ms. Pimentel filed a response to the Trustee's motion to dismiss and a request for an additional extension to April 9. The Court dismissed the case on April 14, 2010.

The U.S. Trustee first contacted Ms. Pimentel on September 16, regarding the fees in this case. Ms. Pimentel stated via e-mail that she was handling 3 different matters for the Debtor and had charged nothing yet for the bankruptcy. In addition to the bankruptcy, Ms. Pimentel states that she has a separate agreement for a loan modification, and appeared in the Debtor's marital dissolution proceeding to explain to that court the status of the house. The e-mail chain is attached to the Kretzer Declaration. To date, Ms. Pimentel has not provided a copy of the modification agreement or the letter formalizing her appearance at the dissolution proceeding.

Ms. Pimentel did not file a *Disclosure of Compensation of Attorney For Debtor*. She also did not file a *Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys*. The Chapter 13 plan, signed by the Debtor and Ms. Pimentel, states that the total fees and costs requested are $3,600, and that none of that amount had been received.

In addition to the $4,500 he has already paid her, Ms. Pimentel states that as of September 16, 2010, the Debtor owes her $6,650 more. (See attachment to Kretzer Declaration.) Thus, it appears that her charges total $11,150.

**Argument**

Any attorney representing a debtor in connection with a bankruptcy case must file a statement of the compensation paid or agreed to be paid. 11 U.S.C. § 329(a) and B.R. 2016(b). B.R. 2016(b) requires that the statement be filed within 14 days after the order for relief in the case is entered. 11 U.S.C. § 329 says that the statement should include payments for services in

Arrescurrenaga; 09-46949N; Memo of P&A for Mtn. To Review Fees     3

connection with the case made within a year before the case was filed. If the compensation exceeds the reasonable value of the services the court may order return of the payment. 11 U.S.C. § 329(b).

Among other problems, since the Credit Counseling was not completed before the case was filed, it seems unlikely that a plan would ever have been confirmed in this case.

In the Oakland Division, counsel to a chapter 13 debtor must file an executed copy of the *Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys*. If counsel does not do so, counsel must apply for all fees in compliance with Bankruptcy Rules 2002 and 2016 and the *Guidelines for Compensation and Expense Reimbursement of Professionals. Guidelines For Payment Of Attorneys' Fees in Chapter 13 Cases - Oakland Division.* Because Ms. Pimentel has not complied with 11 U.S.C. § 329, B.R. 2016, or the Northern District Guidelines, she should either justify or disgorge the fees she has received.

Dated: October 14, 2010

                                            BARBARA A. MATTHEWS
                                            Assistant United States Trustee

By:    /s/Matthew R. Kretzer
        MATTHEW R. KRETZER, Trial Attorney
        Attorneys for AUGUST B. LANDIS,
        Acting United States Trustee